UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK PEAVLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 1438 RWS |
| | ) | |
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On September 9, 2026, Defendant Nationwide Mutual Insurance Company removed this case from state court based on federal diversity jurisdiction. On September 11, 2026, Plaintiff Mark Peavler filed a motion to remand. Because Nationwide has permissibly removed this case I will deny Peavler's motion to remand.

Peavler's state court petition alleges that he was injured in a car accident caused by an underinsured driver. The petition alleges that Peavler is insured by Nationwide whose auto policy includes underinsured motorist coverage in the amount of $500,000.00. The petition alleges that Peavler suffered bodily injuries that are covered under the policy. ECF No. at ¶ 17. The petition asserts that Peavler has suffered "significant and permanent injuries resulting from the collision." Id. at ¶ 23.

The petition states that on February 9, 2026, Peavler sent a demand letter to Nationwide for a settlement of his claims under the underinsured provision of the policy. Id. at ¶ 19.

On February 9, 2026, Peavler's counsel did send a demand letter to Nationwide asserting that he sustained significant injuries in the accident and has ongoing issues to his spine and shoulder. ECF No. 10-3. The letter asserts that Peavler had incurred $14,305.80 in medical bills as of the date of the letter and that he needed surgery in the future at an estimated cost of $91,510.00. The letter seeks the policy limits of $500,000.00 in exchange for a policy release. Based on these representations Nationwide removed the case to this Court.

Federal district courts have original diversity jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The party seeking removal has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal based upon diversity jurisdiction must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Diversity jurisdiction may be based on the factual allegations of a plaintiff's injuries asserted in his state court petition and on other relevant documents. It is undisputed that the parties are citizens of different states. Peavler's state court petition alleges that he suffered bodily injuries that are covered under the policy. ECF No. at ¶ 17. The petition asserts that he has suffered "significant and permanent injuries resulting from the collision." Id. at ¶ 23. The petition expressly incorporates his demand letter. His demand letter asserted that he sustained significant injuries in the accident and has ongoing issues to his spine and shoulder. The letter asserts that Peavler's current and future medical bills exceed $105,000.00. A demand letter may be considered by a district court in ascertaining the amount in controversy in a case. Lindsey v. Dillard's, Inc., 306 F.3d 596, 599, n.4 (8th Cir. 2002). I find, by a preponderance of the evidence, that a fact finder in this matter could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages Peavler incurred are greater than $75,000. As a result, I will deny his motion to remand.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Mark Peavler's motion to remand [9] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2026.